# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00033-CR

**Robert Anthony Villarreal, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR2003-074, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Robert Anthony Villarreal of two counts of possession with intent to deliver a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.112 (West 2003). The jury assessed punishment at 20 years' confinement and a $10,000 fine for one count and 50 years' confinement and a $10,000 fine for the second. In a single issue on appeal, Villarreal asserts that the district court erred in denying his motion for new trial. We will affirm.

## BACKGROUND

The facts of this case are uncontested on appeal. The jury heard evidence that Villarreal sold cocaine to Edwin Slater, an undercover police officer with the Regional Narcotics Task Force who had been assigned to New Braunfels. Slater testified that he met Villarreal while trying to set up a drug deal with another man who worked for Villarreal. According to Slater, it was

this man, and not Villarreal, who was the original subject of the investigation. Slater began focusing on Villarreal when, on one occasion when Slater was looking for this other man, Villarreal informed Slater that he could give him "the same thing that person could and was in fact that person's source." Believing Villarreal to be "the bigger fish," Slater made arrangements to buy cocaine from Villarreal. Slater testified that he made two purchases from Villarreal, one in July 2002 and another in November 2002. Slater explained that it was Villarreal's idea to sell him the drugs and that Slater did not entice him in any way to sell him cocaine.

Villarreal also testified. He admitted to selling the cocaine to Slater but claimed that he was induced by Slater into selling it. Because of this testimony, the defense of entrapment was included in the jury charge.[1] The jury found Villarreal guilty.

Subsequently, Villarreal filed a motion for new trial, alleging the discovery of new evidence. Villarreal claimed in his motion that he had found a witness to refute Slater's trial testimony that Slater had not originally targeted Villarreal in his undercover operation. Villarreal alleged that this new evidence, beyond merely impeaching Slater's trial testimony, bolstered Villarreal's theory that Slater had entrapped him.

The district court held a hearing on Villarreal's motion. Villarreal's only witness at this hearing, other than Slater, was Juan Rosales, a convicted felon who had previously worked at Villarreal's auto detail shop. Rosales testified that approximately three months prior to Slater and Villarreal's first drug transaction, a man came into Villarreal's auto detail shop, asked for Villarreal,

---

[1] In the hearing on the motion for new trial, the district court informed Villarreal that it let him have the entrapment charge "out of an abundance of caution" but did not really think that Villarreal was entitled to the instruction.

and told Rosales that he had a friend who wanted to buy drugs from Villarreal. This "friend" turned out to be Slater and the man who approached Rosales was Slater's confidential informant. Rosales testified that he told this man that Villarreal was not available. However, Rosales arranged to meet Slater himself and ended up selling Slater cocaine. As a result of this transaction, Rosales himself was convicted of drug possession with intent to deliver. On cross-examination, Rosales admitted that Slater never forced him to sell drugs or asked him to help "make a sale" with Villarreal.

Villarreal also called Slater to testify. Slater testified that his informant introduced him to Rosales but did not actually assist Slater in making the purchase from Rosales. Slater also maintained that his original focus during the investigation was not Villarreal but some other individual. Villarreal also made several attempts to impeach Slater's trial testimony on various matters, none of which the district court found relevant to the issue of entrapment.

Finding Rosales's testimony irrelevant on the issue of entrapment and also not credible, the district court denied Villarreal's motion for new trial. This appeal followed.

## DISCUSSION

In his only issue on appeal, Villarreal contends that the district court erred in denying his motion for new trial.[2]

---

[2] Within this issue, Villarreal also asserts that the prosecutor failed to disclose the existence of Slater's confidential informant in violation of the State's duty to disclose all material evidence favorable to the defense. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006). We can find no support in the record for this assertion, and Villarreal provides no meaningful analysis to support this claim. Villarreal also appears to confuse the requirements for granting a motion for new trial with the requirements for finding a *Brady* violation. Because the *Brady* issue is inadequately briefed, we will not address it. *See* Tex. R. App. P. 38.1(h).

We review a trial court's denial of a motion for new trial for abuse of discretion. *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). To be entitled to a new trial based on newly discovered evidence, Villarreal was required to show that: (1) the alleged newly discovered evidence was unknown and unavailable to him at the time of trial; (2) his failure to discover or obtain the evidence was not due to a lack of diligence; (3) the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result on another trial. *Keeter v. State*, 74 S.W.3d 31, 36-37 (Tex. Crim. App. 2002); *Marinos v. State*, 186 S.W.3d 167, 178 (Tex. App.—Austin 2006, no pet.).

We will assume without deciding that Villarreal satisfied the first two requirements, even though the State argues that Villarreal did not exercise due diligence in discovering the new evidence. Regardless, we are convinced that Villarreal did not satisfy the third and fourth requirements. At most, Rosales's testimony tends to impeach Slater's trial testimony regarding a collateral matter—whether the original focus of Slater's investigation was Villarreal. Even assuming that Slater did initially focus on Villarreal in his undercover operation, this says nothing about whether Slater entrapped Villarreal into selling drugs on the dates in question.

When a defendant raises the defense of entrapment at trial, he must present a prima facie case: (1) that he engaged in the conduct charged; (2) because he was induced to do so by a law enforcement agent; (3) who used persuasion or other means; and (4) that those means were likely to cause persons to commit the offense. *Hernandez v. State*, 161 S.W.3d 491, 497 (Tex. Crim. App. 2005). Rosales's testimony did not address any of those elements. It is thus highly unlikely that

4

the new evidence, even assuming that it was admissible, would have probably brought about a different result on another trial. Therefore, the district court did not abuse its discretion in denying the motion for new trial. We overrule Villarreal's sole issue on appeal.

## CONCLUSION

Having overruled Villarreal's issue on appeal, we affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: March 6, 2007

Do Not Publish